Newark v. North Jersey Ry. Co.    *68 N. J. L.*

THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK v. THE NORTH JERSEY STREET RAILWAY COMPANY ET AL.

Argued June 3d, 1902—Decided November 10, 1902.

1. The determination of the state board of taxation, upon questions of fact involved in the correction, by the board, of a local assessment for taxes, is not reviewable in this court.
2. In order to bring before this court for review the grounds on which such a determination was based in matters of law, the board should be required to certify the grounds, and only in case of its failure to do so should other evidence thereof be received.

On *certiorari*.

Before Justices DIXON, HENDRICKSON and PITNEY.

For the prosecutor, *Herbert Boggs* and *Henry Young*.

For the defendants, *George T. Werts*.

The opinion of the court was delivered by

DIXON, J.    This *certiorari* brings up the judgment of the state board of taxation rendered on May 20th, 1902, by which it was determined that the assessment of $2,075,000 levied by the assessors of Newark for the year 1901 on the property of the North Jersey Street Railway Company, consisting of real estate in the city of Newark, should be reduced to $1,240,979.42.

The prosecutor of the writ, the city of Newark, contends that the questions of fact involved in this judgment are reviewable here by virtue of the amendment, approved March 28th, 1895 (*Gen. Stat.*, p. 370), of the ninth section of the *Certiorari* act, notwithstanding the provision in the eighth section of the act establishing the state board of taxation, approved March 19th, 1891 (*Gen. Stat.*, p. 3344), declaring that the determination of the board respecting such assessments should be final and conclusive.    This contention is

based on the fact that the amendment of the *Certiorari* act was passed after the act establishing the board; but another fact is overlooked, viz., that the amendment adopted in 1895 relates only to the mode of review, and does not at all enlarge the power of review granted to this court by the ninth section of the *Certiorari* act as it stood before 1891 (see *Pamph. L.* 1881, *p.* 34), which power was abrogated, so far as the determinations of this board were concerned, by the act of 1891. Although in the amendment of 1895 the whole section as amended was recited, this was done merely to comply with the requirement of our constitution in that particular, and it is the settled rule that such recital gives no new force to the pre-existing law. *Knight* v. *Freeholders,* 20 *Vroom* 485; *McLaughlin* v. *Newark,* 28 *Id.* 298; *S. C. on error,* 29 *Id.* 202; *Schwarzwaelder* v. *German Mutual Fire Insurance Co.,* 14 *Dick. Ch. Rep.* 589, 593. The act of 1891 is therefore on this point, in judicial contemplation, the later expression of the legislative will, and precludes us from applying to the determinations of this board the power granted by the *Certiorari* act. The question was thus decided in *Elizabeth* v. *New Jersey Jockey Club,* 34 *Vroom* 515.

The prosecutor further contends that legal rules were violated in the determination of the board, and in support of this contention refers to what purports to be a shorthand report of testimony taken before the board at the hearing on this matter. But, for two reasons this report cannot be considered by us—*first,* because it is in no way authenticated by the board, being neither sent up as part of the return to the writ, nor certified in response to a rule from the court; and *second,* as the board is a body of some legal permanence, it should be required to certify the grounds of its determination, not the testimony from which those grounds are to be inferred, and only in case of its failure to do so should other evidence thereof be received. This rule is enforced generally respecting the judgments of judicial and *quasi* judicial tribunals, and is necessary to give due effect to their conclusions and to render definite the basis on which they may be reviewed. *Smart* v. *North Hudson County Railway Co.,* 37

*Vroom* 156, and cases cited; *Intiso* v. *Metropolitan Saving and Loan Association, Id.* 157.

No error is shown, and the judgment of the board is affirmed, with costs.